IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

GASHU GETAHUN,

    Plaintiff,

v.                                                C.A. No.:      3:20-cv-664

KOHLI ENTERPRISES, LLC,
KOHLI VENTURES, LLC,
RITU KOHLI, and ASEEM KOHLI,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, GASHU GETAHUN (hereinafter sometimes referred to as "Plaintiff"), by and through his undersigned counsel, sues Defendants, KOHLI ENTERPRISES, LLC, KOHLI VENTURES, LLC, RITU KOHLI and ASEEM KOHLI (hereinafter sometimes collectively referred to as "Defendants"), and in support thereof states as follows:

### INTRODUCTION

1. This is an action by Plaintiff against his employers for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid overtime, liquidated damages, and a reasonable attorney's fee and costs.

### JURISDICTION

2. This claim is properly before this Court pursuant to 28 U.S.C. § 1331, as this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

## VENUE

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant, KOHLI ENTERPRISES, LLC, has offices or conducts business in Dallas County, Texas.

## THE PARTIES

4. Plaintiff, GASHU GETAHUN, is an individual residing in Dallas County, Texas.

5. Plaintiff, GASHU GETAHUN, was employed by Defendants from September 19, 2019, through January 30, 2020 as a Cashier and was paid an hourly rate of $15.00.

6. Defendant, KOHLI ENTERPRISES, LLC, is a limited liability company established under the laws of the State of Texas, having offices in Dallas County, Texas.

7. Defendant, KOHLI ENTERPRISES, LLC's primary business is the operation of 7-11 convenience store franchises.

8. Defendant, KOHLI VENTURES, LLC, is a limited liability company established under the laws of the State of Texas, having offices in Dallas County,

Texas.

9. Defendant, KOHLI VENTURES, LLC's primary business is the operation of 7-11 convenience store franchises.

10. Defendant, RITU KOHLI, is an individual residing in Dallas County, Texas, and is a Director of Defendants, KOHLI ENTERPRISES, LLC, and KOHLI VENTURES, LLC.

11. Defendant, ASEEM KOHLI, is an individual residing in Dallas County, Texas, and is a Director of Defendants, KOHLI ENTERPRISES, LLC, and KOHLI VENTURES, LLC.

12. Defendants, RITU KOHLI and ASEEM KOHLI, who are a married couple, at all times relevant to this matter owned and operated the aforementioned LLCs.

13. Defendants, RITU KOHLI and ASSEM KOHLI, acted directly or indirectly in the interest of Defendants, KOHLI ENTERPRISES, LLC, and KOHLI VENTURES, LLC, in relationship to Plaintiff's employment; thus, the Defendants are joint employers as defined by 29 U.S.C. § 203(d).

14. Defendants: (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.

15. Defendants haves employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

16. At all times material to this complaint, Defendants, KOHLI ENTERPRISES, LLC and KOHLI VENTURES, LLC, jointly and severally, employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

17. At all times material to this complaint, Defendants, KOHLI ENTERPRISES, LLC, and KOHLI VENTURES, LLC, jointly and severally, were an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

18. At all times material to this Complaint, Defendants were the employers of the Plaintiff, and as a matter of economic reality, Plaintiff was dependent upon Defendants for his employment.

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT

19. Plaintiff 1) occupied a position as a Cashier; 2) did not hold a position considered as exempt from the overtime provisions of the FLSA; and, 3) was paid on an hourly basis.

20. Defendants' management required Plaintiff to work in excess of 40 hours in a workweek.

21. Plaintiff worked overtime in numerous workweeks while employed by the Defendants.

22. Despite working numerous hours in excess of 40 hours each workweek, Plaintiff was not paid the correct overtime premium for his work in excess of 40 hours in a workweek.

23. Defendants avoided paying Plaintiff the appropriate overtime by paying Plaintiff from separate corporate entities, *e.g.*, KOHLI ENTERPRISES, LLC and KOHLI VENTURES, LLC, despite them having the same owners; overlapping officers, directors, executives, or managers; share control over operations (e.g., hiring, firing, payroll, advertising, overhead costs); operations inter-mingled; having common supervision of the work of the Plaintiff; shared supervisory authority for the Plaintiff; treated their employees as a pool of employees available to all of them; shared customers.; shared operating and administrative costs, and, had agreements between themselves as to the use and management of their common labor resources.

24. Throughout the employment of Plaintiff, Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for each hour worked in excess of 40 in a workweek.

25. The work schedules for the Plaintiff required him to work in excess of 40 hours in a workweek on a regular and recurring basis during numerous

workweeks. Plaintiff averaged approximately 80 hours each workweek.

26. Defendants' policy of not properly paying overtime is company-wide and was willful.

27. Defendants either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

28. Defendants failed to act reasonably to comply with the FLSA, and so Plaintiff are entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

29. The acts described in the above paragraphs violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of 40 per workweek.

30. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

31. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, GASHU GETAHUN, demands Judgment against Defendants, jointly and severally, for the following:

a. Awarding Plaintiff his compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

b. Awarding Plaintiff his pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

c. Awarding Plaintiff liquidated damages and/or statutory penalties as provided by law;

d. Awarding Plaintiff such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, GASHU GETAHUN, demands a jury trial on all issues so triable.

Respectfully submitted this March 18, 2020.

**ROSS • SCALISE LAW GROUP**
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawpc.com

_____
**CHARLES L. SCALISE**
Texas Bar No. 24064621
**DANIEL B. ROSS**
Texas Bar No. 789810

**Steven R. Samples** (Local Counsel)
Texas Bar No. 24086348
**SAMPLES AMES PLLC**
2727 LBJ Freeway
Suite 922
Dallas, Texas 75234
(469) 466-2600 Telephone
(855) 605-1505 Facsimile

Email docket@texaslit.com

**ATTORNEYS FOR PLAINTIFF**